(C.D. 3104)

W. KAY CO., INC. v. UNITED STATES

United States Customs Court, Third Division

(Decided August 30, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: Counsel have submitted these cases on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked RS (Comm. Spec's Initials) by Commodity Specialist Rubin Sokoloff (Comm. Spec's Name) on the invoices covered by the captioned protests enumerated above, assessed with duty at 10 cents per dozen and 25% under the provisions of paragraph 211, Tariff Act of 1930, as modified, consist of electric soup tureens with cords, similar in all material respects to the merchandise the subject of *Silvine Importers, Inc.* v. *United States*, C.D. 2821, wherein the electric cords were held to be separate entities rather than entireties with the brewmasters with which they were imported.

IT IS FURTHER STIPULATED AND AGREED that the appraisement of the contested soup tureens was predicated on the basis that the tureens and their cords constituted an entirety of three pieces, no separate values for each of said items having been returned by the appraiser.

That the record in C.D. 2821 be incorporated and made a part of the record herein, and that the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Accepting this stipulation as a statement of fact and on authority of the decision cited therein, we hold that the soup tureens with cords, represented by the items marked with the letter "A" and with the initials of the commodity specialist on the invoices covered by the entries in these protests, are two separate articles rather than a single entity as appraised and liquidated. The appraisement being void and the liquidation invalid, the protests are dismissed as premature. The matter is remanded to a single judge to determine the value of the merchandise in the manner provided by law. 28 U.S.C., section 2636(d).

Judgment will be entered accordingly.